IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AARON'S, LLC,

    Plaintiff,

v.

MADISON CAPITAL INVESTMENTS,
INC.; HARPREET SALUJA; and
BINDIYA SALUJA,

    Defendants.

CIVIL ACTION NO.

## COMPLAINT

Aaron's, LLC ("Aaron's") files this Complaint against Defendants Madison

Capital Investments, Inc. ("Madison Capital"), Harpreet Saluja, and Bindiya Saluja

(collectively referred to as "Defendants") and respectfully shows this Court the

following:

### NATURE OF THE ACTION

1.

Based on Defendants' defaults under their franchise agreements, Aaron's did

not renew one of Defendants' franchise stores and terminated Defendants' other

two stores. Aaron's is bringing this breach-of-contract action based on Defendants'

failure to pay at least $273,382.50 owed to Aaron's under the franchise agreements

as a result of the non-renewal and termination.

## PARTIES

2.

Plaintiff Aaron's is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

3.

Plaintiff Aaron's is wholly owned by the Aaron's Company, Inc., which is a Georgia corporation with its principal place of business in Atlanta, Georgia.

4.

Defendant Harpreet Saluja is a resident and citizen of the State of Pennsylvania.

5.

Defendant Bindiya Saluja is a resident and citizen of the State of Pennsylvania.

6.

Defendant Madison Capital is a Pennsylvania corporation with its principal place of business in Collegeville, Pennsylvania.

## JURISDICTION AND VENUE

### 7.

This Court has subject-matter jurisdiction over this action under 28 U.S.C.

§ 1332 because complete diversity of citizenship exists and the amount in

controversy exceeds $75,000, exclusive of interest and costs.

### 8.

This Court has personal jurisdiction over Madison Capital under Section

11.2 of the 934 and 1117 Franchise Agreements (as defined below):

> [A]ny proceeding arising out of or relating to this
> Agreement must be commenced exclusively in a court of
> competent jurisdiction serving Cobb County, Georgia,
> unless the parties to the dispute agree otherwise.

### 9.

Furthermore, this Court has personal jurisdiction over Defendants Harpreet

Saluja and Bindiya Saluja under Section 6 of the Payment and Performance

Guarantee of the 1337 Franchise Agreement (as defined below)[1]:

> Any litigation shall be brought in the state in which
> Franchisor's principal place of business is located at the
> time the action is brought, or in the federal district court
> for the district where such principal place of business is
> located at the time the action is brought. Each Guarantor
> hereby consents to the jurisdiction of such courts and

---

[1] The Payment and Performance Guarantees of the 934 and 1117 Franchise
Agreements also confer this Court with personal jurisdiction over Defendant
Harpreet Saluja as they require actions to "be commenced exclusively in the state
and federal courts serving Cobb County, Georgia."

waives any defense that such court lacks jurisdiction or
venue with respect to such proceeding.

10.

Venue is proper in this judicial district under Section 11.2 of the 934 and

1117 Franchise Agreements (as defined below) and Section 6 of the Payment and

Performance Guarantee (as defined below), because Defendants have consented to

venue in this Court.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11.

Aaron's is a leading, technology-enabled, omni-channel provider of lease-to-

own ("LTO") and retail purchase solutions of furniture, electronics, appliances,

and other home goods across its brands. Aaron's offers a direct-to-consumer LTO

solution through approximately 1,240 company-operated and franchised stores in

47 states and Canada, as well as its e-commerce platform.

12.

Defendants operate three stores in Pennsylvania which, prior to their non-

renewal and termination, operated as Aaron's franchised stores.

**A.     The Franchise Agreements**

13.

In March 2014, Harpreet Saluja signed a Franchise Agreement with Aaron's

on behalf of Madison Capital pertaining to Store #1337 in Norristown,

Pennsylvania (the "**1337 Franchise Agreement**"). A true and correct copy of the

1337 Franchise Agreement, along with all exhibits thereto, is attached as *Exhibit*

*A.*

14.

Harpreet Saluja and Bindiya Saluja also signed a Payment and Performance

Guarantee with Aaron's and agreed to be responsible for all of the payments and

performance for Madison Capital to Aaron's in conjunction with the 1337

Franchise Agreement. *See Exhibit A.*

15.

In June 2019, Harpreet Saluja renewed a Franchise Agreement with Aaron's

on behalf of Madison Capital pertaining to Store #934 in Easton, Pennsylvania that

began operation in June 2009 (the "**934 Franchise Agreement**"). A true and

correct copy of the 934 Franchise Agreement, along with all exhibits thereto, is

attached as *Exhibit B*.

16.

Harpreet Saluja also signed a Payment and Performance Guarantee with

Aaron's and agreed to be responsible for all of the payments and performance for

Madison Capital to Aaron's in conjunction with the 934 Franchise Agreement. *See*

*Exhibit B*.

17.

In July 2020, Harpreet Saluja renewed a Franchise Agreement with Aaron's

on behalf of Madison Capital pertaining to Store #1117 in Hatboro, Pennsylvania

that began operations in May 2010 (the "**1117 Franchise Agreement**"). A true and

correct copy of the 1117 Agreement, along with all exhibits thereto, is attached as

*Exhibit C*.

18.

Harpreet Saluja also signed a Payment and Performance Guarantee with

Aaron's in order to guarantee all of the payments and performance for Madison

Capital to Aaron's in conjunction with the 1117 Agreement. *See Exhibit C*.

**B.     Defendants Experience Financial Difficulties**

19.

Upon information and belief, Defendants are experiencing financial distress

related to operational issues with their three stores.

20.

When Defendants operated their stores as Aaron's franchisee stores, their

collection rate was far below the average across Aaron's franchises.

21.

Madison Capital owes Aaron's at least $273,382.50. This amount consists of

$269,203.76 in trade debt, $1,597.54 in royalties and sign and equipment lease fees

for the week ending August 24, 2024, and $2,581.20 in royalties and sign and

equipment lease fees for the week ending August 31, 2024.

**C.    Non-renewal of the 1337 Franchise Agreement and Termination of the 934 and 1117 Franchise Agreements**

31.

On March 20, 2024, the 1337 Franchise Agreement expired.

32.

On August 21, 2024, Aaron's notified Defendants that the 1337 Franchise

Agreement could not be renewed under Section 2.2(b) of that agreement, and that

the 934 and 1117 Franchise Agreements were terminated in accordance with

Section 9.2 of those agreements based on Madison Capital's defaults thereunder.

33.

Aaron's requested that Defendants pay the $273,382.50 owed to Aaron's on

September 6, 2024.

34.

Defendants have failed to pay the $273,382.50.

35.

Since September 6, 2024, Madison Capital has continued to accrue

additional outstanding amounts owed to Aaron's and has failed to pay these

amounts.

36.

All conditions precedent for bringing this lawsuit have been performed or

waived.

## COUNT I
## BREACH OF FRANCHISE AGREEMENT AGAINST ALL DEFENDANTS

37.

Aaron's realleges and reincorporates the allegations contained in the

paragraphs above verbatim as if fully set forth herein.

38.

The 1337, 934, and 1117 Franchise Agreements are valid and enforceable

contracts.

39.

Section 10.1 of all three Franchise Agreements provides that "Franchisee

shall pay upon demand all sums owing to Franchisor . . .. If this Agreement is

terminated due to an Event of Default, Franchisee shall promptly pay all damages,

costs and expenses, including reasonable attorneys' fees, incurred by Franchisor as

a result of Franchisee's default."

40.

Aaron's has demanded that Madison Capital pay $273,382.50, which

constitutes outstanding amounts that Madison Capital owes Aaron's.

41.

Madison Capital has continued to accrue additional outstanding amounts owed to Aaron's.

42.

Pursuant to the Payment and Performance Guarantees executed in conjunction with the three Franchise Agreements,[2] Harpreet Saluja and Bindiya Saluja "jointly and severally unconditionally guarantee[d] to Franchisor and its affiliates the payment and performance when due . . . of all obligations, indebtedness and liabilities of Franchisee to Franchisor . . . (the 'Guaranteed Liabilities')" and "agree[d] that if any of the Guaranteed Liabilities is not so paid or performed by Franchisee when due, the Guarantors will immediate[ly] do so."

43.

Defendants have failed to pay this amount despite being required to pursuant to Section 10.1 of the Franchise Agreements.

44.

As such, Defendants have breached the three Franchise Agreements and Payment and Performance Guarantees.

---

[2] The three Franchisee Agreements all include a "Guarantee of Payment and Performance" with slightly varied language.

45.

As a direct and proximate result of Defendants' breach of the three Franchise Agreements, Aaron's is entitled to recover its reasonable attorneys' fees, expenses of litigation, and all costs of court incurred in this action to enforce Section 10.1.

WHEREFORE, Plaintiff prays as follows:

(a)    That Defendants be ordered to pay at least $273,382.50 to Aaron's pursuant to their obligations under the Franchise Agreements;

(b)    That Defendants be ordered to pay all costs of this action;

(c)    That Defendants be ordered to pay Aaron's reasonable attorneys' fees incurred in this action pursuant to the Franchise Agreements and the Payment Performance Guarantees; and

(d)    For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 14th day of October, 2024.

/s/ Ava J Conger
John P. Jett
Georgia Bar No. 827033
Ava J Conger
Georgia Bar No. 676247
Wade H. Barron
Georgia Bar No. 773706

KILPATRICK TOWNSEND
& STOCKTON LLP
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone (404) 815-6500
Facsimile  (404) 815-6555

- 11 -

jjett@ktslaw.com
aconger@ktslaw.com
whbarron@ktslaw.com

*Counsel for Plaintiff Aaron's, LLC*